UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

CHARLES STEINBERG, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

OPKO HEALTH, INC., PHILLIP FROST,
ADAM LOGAL, and JUAN RODRIGUEZ,

Defendants.

Case No.  1:18-cv-23786-JEM

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ZODIAC INTERNATIONAL INVESTMENT FUND LTD., ALUMOT MUTUAL FUND MANAGEMENT COMPANY, AND PROVIDENT FUND OF EMPLOYEES OF THE HEBREW UNIVERSITY OF JERUSALEM LTD. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

---

MICHAEL BRENNAN, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

OPKO HEALTH, INC., PHILLIP FROST,
ADAM LOGAL, and JUAN RODRIGUEZ,

Defendants.

Case No.  1:18-cv-23924-KMW

---

PAUL CAMHI, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

OPKO HEALTH, INC. and PHILLIP FROST,

Defendants.

Case No.  1:18-cv-24137-CMA

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ......................................................................................................3

ARGUMENT ...........................................................................................................................4

     I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED............................4

     II.    THE OPKO INSTITUTIONAL INVESTOR GROUP SHOULD BE
          APPOINTED LEAD PLAINTIFF ........................................................................5

          A.     The Opko Institutional Investor Group is Willing to Serve as a Class
                Representative ...............................................................................................6

          B.     The Opko Institutional Investor Group Has the "Largest Financial
                Interest" in the Action ..................................................................................6

          C.     The Opko Institutional Investor Group Otherwise Satisfies the
                Requirements of Rule 23 ..............................................................................7

     III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
          APPROVED .............................................................................................................9

CONCLUSION .......................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Brustein v. Lampert*, 04-61159-CIV-LENARD/KLEIN,
 2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15, 2005)..........................................................8

*In re BP Sec. Litig.*,
 758 F. Supp. 2d 428 (S.D. Tex. 2010)......................................................................................1

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ...............................................................................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................................8

*In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS,
 1998 U.S. Dist. LEXIS 21490 (S.D. Fla. Dec. 4, 1998)........................................................4, 5

*Lax v. First Merchants Acceptance Corp.* No. 97 C 2715,
 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................................................6, 7

*Miller v. Dyadic Int'l, Inc.*, No. 07-80948,
 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ......................................................1, 9

*Mulvaney v. GEO Group, Inc.*, 16-cv-81494-MIDDLEBROOKS,
 2016 U.S. Dist. LEXIS 193402 (S.D. Fla. Nov. 18, 2016) ....................................................10

*Newman v. Eagle Bldg. Techs.*,
 209 F.R.D. 499 (S.D. Fla. 2002) ..............................................................................................5

*Nghiem Tran v. Erba Diagnostics, Inc.*, 15-cv-24440-COOKE/TORRES,
 2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016) ........................................................8

*Piven v. Sykes Enters.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000) ...................................................................................8

*Plymouth County Ret. Sys. v. Carter's, Inc.*, 08-CV-2940-JOF,
 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) .......................................................7

*Prado-Steinman ex rel. Prado v. Bush*,
 22 F.3d 1266 (11th Cir. 2000) ..................................................................................................8

*Thorpe v. Walter Inv. Mgmt., Corp.*, 1:14-cv-20880-UU,
 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016) ........................................................8

**Statutes**

15 U.S.C. §78u-4(a)................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .........................................................9

**Rules**

Fed. R. Civ. P. 23 ................................................................................................*passim*

Fed. R. Civ. P. 42 ................................................................................................1, 2, 4

Zodiac International Investment Fund Ltd. ("Zodiac"), Alumot Mutual Fund Management Company ("Alumot"), and Provident Fund of the Employees of the Hebrew University of Jerusalem Ltd. ("Hebrew University" and, collectively with Zodiac and Alumot, the "Opko Institutional Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (the "Exchange Act", as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42, for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing the Opko Institutional Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of OPKO Health, Inc. ("Opko") between September 26, 2013 and September 7, 2018, both dates inclusive (the "Class Period")[1]; and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Hedin Hall LLP ("Hedin Hall") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Opko and certain of its officers defrauded investors in violation of the federal securities laws by misrepresenting Opko's business and operations. Opko investors, including the Opko Institutional Investor Group, incurred significant losses when the truth of Defendants' misrepresentations and omissions became known.

---

[1] The actions *Steinberg v. OPKO Health, Inc. et al.*, 1:18-cv-23786 ("*Steinberg*") and *Brennan v. OPKO Health, Inc. et al.*, 1:18-cv-23924 ("*Brennan*") both allege a class period of September 26, 2013 through September 7, 2018, while the action *Camhi v. OPKO Health, Inc. et al.*, 1:18-ccv-24137 ("*Camhi*") alleges a class period of October 8, 2013 through September 7, 2018. Where multiple class periods are at issue, courts generally consider the longest potential class period at the lead plaintiff appointment stage. *See, e.g., Miller v. Dyadic Int'l, Inc.*, No. 07-80948, 2008 U.S. Dist. LEXIS 32271, at *11 (S.D. Fla. Apr. 18, 2008) (finding that "the longest, most inclusive class period is appropriate at this stage in the litigation because 'it encompasses more potential class members'"); *In re BP Sec. Litig.*, 758 F. Supp. 2d 428, 437 (S.D. Tex. 2010) (concluding that it would be "inappropriate to narrow the class period at this [lead plaintiff] stage of the litigation"). Accordingly, the Opko Institutional Investor Group has calculated its financial interest with reference to its Opko securities transactions during the longer, more expansive Class Period alleged in the *Steinberg* and *Brennan* actions, rather than the shorter and more restrictive class period alleged in the *Camhi* action.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are all putative class actions alleging violations of the federal securities laws by Opko and certain of its top officers occurring during overlapping Class Periods arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Opko Institutional Investor Group, having incurred losses of approximately $1,215,387 in connection with its purchases of Opko common stock during the Class Period, believes that it has the largest financial interest in the relief sought in this action.

Beyond its significant financial interest, the Opko Institutional Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, the Opko Institutional Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm and has recovered billions of dollars on behalf of defrauded investors. The Opko Institutional Investor Group has also selected the highly respected law firm of Hedin Hall, a firm with significant experience in securities class action matters, with offices in this Judicial District, to serve as Liaison Counsel for the Class.

Accordingly, based on the Opko Institutional Investor Group's significant financial interest and its commitment to overseeing this litigation, the Opko Institutional Investor Group respectfully

requests that the Court enter an order appointing the Opko Institutional Investor Group as Lead Plaintiff and approving its selections of Lead Counsel and Liaison Counsel.

## STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Opko purports to be a healthcare company that engages in the diagnostics and pharmaceuticals business. Opko is headquartered in Miami, Florida, and the Company's stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "OPK".

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Opko and its Chairman and Chief Executive Officer ("CEO"), Defendant Phillip Frost ("Frost"), were participants in a "pump-and-dump" scheme designed, in part, to artificially inflate the price of various stocks, allowing Defendant Frost, among others, to reap millions of dollars in unlawful profits; and (ii) as a result, Opko's public statements were materially false and misleading at all relevant times.

On September 7, 2018, the U.S. Securities and Exchange Commission ("SEC") issued a press release entitled "SEC Charges Microcap Fraudsters for Roles in Lucrative Market Manipulation Schemes". The press release stated, in part, that the SEC had "charged a group of 10 individuals and 10 associated entities for their participation in long-running fraudulent schemes that generated over $27 million from unlawful stock sales and caused significant harm to retail investors who were left holding virtually worthless stock." The press release named both Opko and Frost as defendants.

3

Following this news, Opko's stock price fell $1.01 per share, or more than 18%, before NASDAQ halted the trading of Opko stock on September 7, 2018 at 2:34 p.m. EDT at $4.58 per share.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).   *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.   *See* Fed. R. Civ. P. 42(a); *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS 21490, at *8 (S.D. Fla. Dec. 4, 1998) (consolidating actions "alleg[ing] substantially similar claims that share common questions of fact and law.").

The Related Actions at issue here clearly involve common questions of law *and* fact.   Each action was brought against Opko and certain of its officers, in connection with alleged violations of the federal securities laws.   Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Opko's securities and subsequently damaged the Class Members when Opko's stock price plunged as the truth emerged.   Consolidation of the Related Actions is therefore appropriate.   *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The class actions currently before the Court are ideally situated for

consolidation.  The complaints present virtually identical claims for relief based upon a single course of conduct during the Class Period."); *In re Sunbeam*, 1998 U.S. Dist. LEXIS 21490, at *7-*8 ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.").

## II.    THE OPKO INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Opko Institutional Investor Group should be appointed Lead Plaintiff because, to its knowledge, the Opko Institutional Investor Group has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Opko Institutional Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    The Opko Institutional Investor Group is Willing to Serve as a Class Representative

On September 12, 2018, counsel for plaintiff in the putative class action *Kerznowski v. OPKO Health, Inc.*, 2:18-cv-13834 (D.N.J.), alleging substantively identical claims as the Related Actions against the same Defendants, published a notice over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the action had been filed against Defendants and which advised investors in Opko securities that they had until November 13, 2018 to file a motion to be appointed as Lead Plaintiff (the "Notice").  *See* Declaration of Frank S. Hedin in Support of Motion ("Hedin Decl."), Ex. A.  The Opko Institutional Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.  Accordingly, the Opko Institutional Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    The Opko Institutional Investor Group Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of its knowledge, the Opko Institutional Investor Group has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.  For claims arising under the Securities Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of

net shares purchased during the class period; (3) the total net funds expended during the class

period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at

*7-*8 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys. v. Carter's, Inc.*, 08-CV-2940-

JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest

with reference to *Lax* factors).

During the Class Period, the Opko Institutional Investor Group: (1) purchased 544,657

shares of Opko stock; (2) expended $3,488,675 on purchases of Opko stock; (3) retained 417,913

shares of Opko stock; and (4) incurred losses of $1,215,387 in connection with its transactions in

Opko stock.  *See* Hedin Decl., Ex. C.  To the extent that the Opko Institutional Investor Group

possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most

adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.     The Opko Institutional Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

"otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification.

Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.

*Brustein v. Lampert*, 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016). Here, the complaints in the related actions sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all lead plaintiff candidates.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large". *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

The Opko Institutional Investor Group's claims are typical of those of the Class. The Opko Institutional Investor Group alleges, as do all Class members, that Defendants violated the federal securities laws by making untrue statements of material fact and omitting to state material facts both required by governing regulations and necessary to make the statements made not misleading. The Opko Institutional Investor Group, as did all members of the Class, purchased Opko common stock at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Opko's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at \*19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

The Opko Institutional Investor Group's members have submitted signed Certifications declaring their commitment to protecting the interests of the Class.  *See* Hedin Decl., Ex. B. Moreover, the members of the Opko Institutional Investor Group have also submitted a Joint Declaration describing, *inter alia*, their respective backgrounds; their reasons for opting to seek appointment collectively as Co-Lead Plaintiffs; their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA; the steps that they intend to take to supervise counsel and oversee this litigation; and a dispute resolution mechanism in the unlikely event of a disagreement among the group's members. *See id.*, Ex. D.  Finally, there is no evidence of antagonism or conflict between the Opko Institutional Investor Group's interests and the interests of the Class.  The significant losses incurred by the Opko Institutional Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation.

Finally, as set forth in greater detail below, in Pomerantz and Hedin Hall, the Opko Institutional Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choices to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with

lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, the Opko Institutional Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Hedin Decl., Ex. E. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Dillard v. Platform Specialty Prods. Corp.*, 16-cv-80490 (S.D. Fla.); *Mulvaney v. The GEO Group, Inc.*, 16-cv-81494 (S.D. Fla.); and *Kessman v. Myriad Genetics, Inc.*, 18-cv-336 (D. Utah).

Hedin Hall is also well qualified to serve as Liaison Counsel in this Action. As its firm resume reflects, Hedin Hall maintains an office in Miami, Florida and specializes in securities class action matters, among other practice areas. *See* Hedin Decl., Ex. F. The attorneys of Hedin Hall

have achieved substantial recoveries in class actions and are well versed in the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, the Opko Institutional Investor Group's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by the Opko Institutional Investor Group, with Pomerantz as Lead Counsel and Hedin Hall as Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Opko Institutional Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Opko Institutional Investor Group as Lead Plaintiff for the Class; and (3) approving its selections of Pomerantz as Lead Counsel and Hedin Hall as Liaison Counsel for the Class.

Dated:  November 13, 2018                    Respectfully submitted,

HEDIN HALL LLP

/s/ Frank S. Hedin
Frank S. Hedin (FBN 109698)
David W. Hall*
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone:  (305) 357-2107
Facsimile:  (305) 200-8801
Email:  fhedin@hedinhall.com
Email:  dhall@hedinhall.com

*Counsel for Movants and
Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman*
J. Alexander Hood II*

Jonathan Lindenfeld*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom*
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and
Proposed Lead Counsel for the Class*

*Pro Hac Vice* Application Forthcoming

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2018, a true and correct copy of the foregoing

Memorandum of Law in Support of Motion for Consolidation, Appointment as Lead Plaintiff, and

Approval of Lead Counsel was served by electronic service via the Court's CM/ECF service on

all counsel or parties of record on the service list.

/s/ Frank S. Hedin
Frank S. Hedin