IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**CASE NO. 18-23786-CV-MARTINEZ-OTAZO-REYES**

CHARLES STEINBERG, individually and
on behalf of all others similarly situated,
    Plaintiff,

v.

OPKO HEALTH, INC., PHILLIP FROST,
ADAM LOGAL, and JUAN RODRIGUEZ,
    Defendants.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE is before the Court upon Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, [ECF No. 118]. The Court has considered the Motion and the pertinent portions of the record.

In this class action, Plaintiff Charles Steinberg, as Class Representative, and Defendants have agreed to a proposed class settlement, the terms and conditions of which are set forth in an executed Settlement Agreement, which was submitted to the Court for final approval.

On September 4, 2020, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Charles Steinberg ("Plaintiff"), on behalf of himself and all members of the Settlement Class, and Defendants OPKO Health, Inc., Phillip Frost, Adam Logal, and Juan Rodriguez ("Defendants") (collectively, the "Parties"), [ECF No. 115]. The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for

giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 15, 2020 at 1:30 p.m.

The Plaintiffs then submitted their Motion for Final Approval of Settlement and Plan of Allocation, [ECF No. 118], as well as their Motion for Attorneys' Fees, [ECF No. 119]. *See also Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) (finding error where Court ordered objections to be due before counsel's motion for fees and costs). The Court received **no** objections, after over 271,000 Notice Packets had been sent to potential Settlement Class Members. [*See* ECF No. 123 at 2]. Indeed, only eleven members opted out of the settlement, none of which represent many of the numerous institutional investors who are members of the class.

On December 15, 2020, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing this action with prejudice in favor of Defendants and against all persons or entities who are Settlement Class members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount lead counsel should be awarded attorneys' fees and expenses.

The Court has reviewed and considered the Settlement, Stipulation, all pertinent portions of the record, and the proceedings held before the Court otherwise relating to settlement approval.

### I. Approval of Class Settlement and Plan Allocation

It is hereby **ORDERED AND ADJUDGED** that Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, [ECF No. 118], is **GRANTED**.

Accordingly, it is further **ORDERED AND ADJUDGED** as follows:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties

and each of the Settlement Class Members. Additionally, the Court finds that venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits attached thereto, and to enter this Final Approval Order. And finally, the Court finds that the named plaintiffs have standing to pursue this litigation on behalf of the Class.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 29, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on November 10, 2020. Unless otherwise provided, the terms in the Settlement Agreement shall have the same meanings in this Order.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class, defined as:

> All persons or entities that purchased or otherwise acquired OPKO common stock during the Class Period, including, but not limited to, on either a U.S.-based exchange (including the New York Stock Exchange and the Nasdaq), or on the Tel Aviv Stock Exchange ("TASE"), and who were damaged thereby (the "Settlement Class").

4. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of OPKO currently and during the Class Period; (iii) members of the Immediate Family of any such excluded persons; (iv) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest.  Also

excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

5. **<u>Settlement Class Findings</u>** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6. The Court also finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of the case.

7. **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby **APPOINTS** Lead Plaintiff as Class Representative for the Settlement Class, and **APPOINTS** Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement. Lead Counsel have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

8. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules; and (e) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing. The Court further finds that the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") was validly provided. Notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and the Israeli daily newspaper *Globes*, and was released over the *PR Newswire* pursuant to the specifications of the Court.

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby

fully and **FINALLY APPROVES** the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In making this determination, the Court considered the following factors: (i) the likelihood of success at trial and the range of possible recovery; (ii) the complexity, expense, and duration of litigation; (iii) the terms of the Settlement; (iv) the procedure used to notify Class Members of the proposed Settlement; (v) the judgment of experienced counsel; (vi) the stage of proceedings at which settlement was achieved; and (vii) the substance and amount of opposition to the settlement. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. This Action and all of the claims asserted against Defendants by Lead Plaintiff and the other Settlement Class Members are hereby **DISMISSED WITH PREJUDICE.** The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11. **Binding Effect** – The terms of the Stipulation and of this Order shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.

12. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

    (a) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

    (b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their

respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

13. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

14. **Bar Order** – To the fullest extent permitted by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7) (the "PSLRA") and the common law of the United States Court of Appeals for the Eleventh Circuit, the Court hereby: (a) permanently bars, enjoins, and restrains any persons or entity, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor, from commencing, prosecuting, or asserting all claims for contribution, indemnification, or equitable indemnification against any Defendants' Releasee (or any other claim against any Defendants' Releasee where the alleged injury to such person or entity is that person or entity's actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, arising out of, or related to the Released Plaintiffs' Claims; and (b) permanently bars, enjoins, and restrains Defendants' Releasees from commencing, prosecuting or asserting all claims for

contribution, indemnification, or equitable indemnification against any other person or entity (or any other claim against any other person or entity where the alleged injury to the Defendants' Releasee is its actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, arising out of, or related to the Released Plaintiffs' Claims.

15. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the bar order set forth in paragraph 14 shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of Defendants for the loss to the Settlement Class or the Settlement Class Member; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or a Settlement Class Member for common damages.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17. **No Admissions** – Neither this Order, the Court's Final Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18. **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

19. **Approval of Plan of Allocation of Net Settlement Fund** – Notice of Lead Plaintiff's motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Copies of the Notice, which included the Plan of Allocation, were mailed to over 271,000 potential Settlement Class Members and nominees, and no objections to the Plan of Allocation have been received. The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation

mailed to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby **APPROVES** the Plan of Allocation proposed by Lead Plaintiff. Any appeal or any challenge affecting this Court's approval of the Plan of Allocation shall in no way disturb or affect the finality of this Order or the Court's Final Judgment to be entered separately.

20. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

22. **Entry of Final Order** – Final Judgment shall be entered by separate order by the Court pursuant to Federal Rule of Civil Procedure 58.

23. A separate order shall be entered regarding the motion of Lead Counsel for Attorneys' Fees and Litigation Expenses. Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

DONE AND ORDERED in Chambers at Miami, Florida this 28th day of April 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes

## Exhibit 1

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Walter M. Stanislawski and
   Mary T. Stanislawski
   Satellite Beach, FL

2. Anthony G. Tummarello and
   Carol A. Tummarello
   Southlake, TX

3. Nicola Vanin
   Fort Worth, TX

4. L. Jane Jennings and Bill J. Jennings, Trustees
   Jennings Living Trust
   Tulsa, OK

5. Theodore F. Bosnak
   Herndon, VA

6. John E. Johnson and
   Barbara Velez
   Carmel, IN

7. Lawrence Bernard Robbins
   Aventura, FL

8. Robert Gruder
   Cardiff, CA

9. Tammy Hussin
   Cardiff, CA