IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 18-23786-CV-MARTINEZ-OTAZO-REYES

CHARLES STEINBERG, individually and
on behalf of all others similarly situated,
    Plaintiff,

v.

OPKO HEALTH, INC., PHILLIP FROST,
ADAM LOGAL, and JUAN RODRIGUEZ,
    Defendants.
_____/

## ORDER ON MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

THIS CAUSE is before the Court upon Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Incorporated Memorandum of Law, [ECF No. 119]. The Court has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

On September 4, 2020, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Charles Steinberg ("Plaintiff"), on behalf of himself and all members of the Settlement Class, and Defendants OPKO Health, Inc., Phillip Frost, Adam Logal, and Juan Rodriguez ("Defendants") (collectively, the "Parties"), [ECF No. 115]. The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 15, 2020 at 1:30 p.m.

About two weeks later, on September 17, 2020, the Eleventh Circuit Court of Appeals entered a decision in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). The Eleventh Circuit explicitly held that incentive awards for class representatives are prohibited by Supreme Court precedent. *Id*.

The Plaintiffs then submitted their Motion for Final Approval of Settlement and Plan of Allocation, [ECF No. 118], as well as their Motion for Attorneys' Fees, [ECF No. 119]. *See also Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) (finding error where Court ordered objections to be due before counsel's motion for fees and costs). The Court has received **no** objections from any of the potential class members, after over 271,000 Notice Packets had been sent. [*See* ECF No. 123 at 2].

Lead Counsel Bernstein Litowitz Berger & Grossman LLP move, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 20% of the Settlement Fund, or $3,300,000 plus interest earned at the same rate as earned by the Settlement Fund. [ECF No. 119]. Lead Counsel also requests $143,841.54 for litigation expenses paid or incurred, as well as payment of $17,500.00 for costs incurred by Lead Plaintiff Amitim Funds directly related to its representation of the Settlement Class, as authorized by the Private Securities Litigation Act of 1995 ("PSLRA").

On December 15, 2020, the Court held a duly noticed Final Approval Hearing to consider, among other things, whether and in what amount Lead Counsel should be awarded attorneys' fees and expenses, and whether Lead Plaintiff is entitled to reimbursement of certain fees and costs. The Court specifically required the parties to address the appropriateness of the Lead Plaintiff's request for reimbursement of costs in connection with its representation of the Settlement Class in light of the Eleventh Circuit's decision in *Johnson*. Accordingly, the Court has also considered

Lead Plaintiff's Memorandum of Law in Further Support of Reimbursement of Costs Pursuant to 15 U.S.C. § 78u-4(a)(4), [ECF No. 129].

The Court has reviewed and considered the Settlement, Stipulation, all pertinent portions of the record, and the proceedings held before the Court otherwise relating to settlement approval.

### I. Approval of Attorneys' Fees and Costs

Pursuant to Federal Rule of Civil Procedure 23(h)(3), the Court has held a hearing on the matter and makes the following findings of fact and conclusions of law.

The Settlement confers substantial benefits on Settlement Class Members. The Settlement has created a fund of $16,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation. Because of the efforts of Plaintiffs' Counsel, numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement. This case involved complex federal securities litigation and success at trial would have proved difficult. Specifically, Plaintiffs faced numerous substantial challenges in establishing liability, loss causation, damages, and scienter. Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants.

This Settlement was reached following an extensive effort from Plaintiffs' Counsel, including conducting a comprehensive investigation into the claims asserted, consultation with numerous experts, and engaging in extensive settlement negotiations, including a full-day mediation session. Plaintiffs' Counsel vigorously and effectively pursued the Settlement Class Members' claims, and this Settlement was negotiated in good faith and in the absence of collusion. Indeed, the requested fee has been reviewed and approved as reasonable by Lead Plaintiff, a

sophisticated institutional investor that actively supervised the action. Plaintiffs' Counsel devoted nearly 2,900 hours, with a lodestar value of over $1,876,000, to achieve the Settlement.

Furthermore, copies of the Notice were mailed to over 271,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and for litigation expenses in an amount not to exceed $300,000. No objections to the requested attorneys' fees and litigation expenses were received by this Court.

Attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g.*, *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) (citations omitted). The requested fee award is consistent with other fee awards in this Circuit and District. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%); *see also Fought v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2012) ("25% is generally recognized as a reasonable award in common fund cases."); *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774–75 (11th Cir. 1991) ("[t]he majority of common fund fee awards fall between 20% to 30% of the fund," and district courts consider 25% as a "benchmark" that "may be adjusted in accordance with the individual circumstances of each case"). Because the Court is convinced that 20% of the total Settlement Fund is a fair and reasonable award in this action, the Court finds it unnecessary to engage in a full-scale lodestar analysis. Nonetheless, the Court also notes that the requested fee represents a multiplier of 1.76 on Plaintiffs' Counsel's lodestar, which is within or below the range of multipliers typically deemed acceptable in class action settlements. *See, e.g.*, *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("not[ing] that lodestar multiples in large and complicated class actions range from 2.26 to 4.5").

Additionally, Plaintiffs' Counsel is entitled to be reimbursed from the class fund for the reasonable expenses incurred in this action, including costs for experts, court fees, as well as the use of online researching services and mediation. The Court finds Counsel's request reasonable and necessary.

Accordingly, Plaintiffs' Counsel are hereby **AWARDED** attorneys' fees in the amount of 20% of the Settlement Fund, and $143,841.54 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the action.

## II.     Approval of Lead Plaintiff's Request for Reimbursement

As for Lead Plaintiff Amitim Funds' request for reimbursement of costs and expenses, the Court gives pause. As set forth at the Final Fairness Hearing, the Court is wary to run afoul of the Eleventh Circuit's recent decision in *Johnson*, 975 F.3d at 1257. As such, the Court permitted Lead Plaintiff to submit a supplemental memorandum regarding *Johnson*'s effect on Plaintiff's fee request. [ECF No. 129].

At the outset of litigation under the PSLRA, a lead plaintiff is required to certify that he "will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4)." 15 U.S.C. § 78u-4(a)(2)(A)(vi). The referenced section, 15 U.S.C. § 78u-4(a)(4), implies that a representative of a class in a class action brought under the Securities and Exchange Act of 1934 may be awarded "its reasonable costs and expenses (including lost wages) directly relating to the representation of the class...." *Id*. As set forth in the Committee Report on

the Private Securities Litigation Act of 1995, Congress enacted this provision of the PSLRA to "remove the financial incentive for becoming a lead plaintiff." H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734. Accordingly, the PSLRA has been read to prohibit general incentive or service awards to class representatives. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 960 n.4 (9th Cir. 2009) (noting that the PSLRA "prohibits granting incentive awards to class representatives in securities class actions"); *Azar v. Blount Int'l, Inc.*, No. 3:16-cv-0483-SI, 2019 WL 7372658, at *13 (D. Or. Dec. 31, 2019) (same); *In re Schering-Plough Corp. Enhance Sec. Litig.*, Nos. 08-397, 08-2177, 2013 WL 5505744, at *37 (D.N.J. Oct. 1, 2013) (same). The Conference Committee recognized, however, "that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages," and granted courts "discretion to award fees accordingly." H.R. Conf. Rep. No. 104-369 (1995).

Thus, the Court must determine whether Lead Plaintiff seeks "reasonable costs and expenses (including lost wages) directly relating to the representation of the class" as permitted under the PSLRA, or an incentive award prohibited by both the PSLRA and *Johnson*.

As set forth in Mr. Ronen Hirsch's Declaration, as Amitim Funds' Chief Legal Officer, Mr. Hirsch and other employees of the Amitim Funds have devoted at least 100 hours to the prosecution of this action, which was time they contend could have been devoted to other work. [ECF No. 120-2 at ¶ 10]. Because the PSLRA specifically authorizes the reimbursement of reasonable costs and expenses—including lost wages—directly relating representation of the class, Lead Plaintiff contends that *Johnson*'s prohibition against incentive awards should not affect the Court's determination. The Court agrees. Indeed, *Johnson* and the PSLRA both reflect the proposition that representative plaintiffs to a class action are not entitled to an incentive award.

Where the two may diverge, however, is how to define an impermissible incentive award versus an expense or cost of litigation. Namely, how should a court differentiate between "lost wages" under the PSLRA and a "salary" prohibited by *Johnson*?

In *Johnson*, the Eleventh Circuit held that "[a] plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses." 975 F.3d at 1257. Here, the amount sought by Lead Plaintiff represents the value of time dedicated by its employees in supervising and participating in the action, including, among other things, reviewing significant pleadings and briefs, communicating regularly with Lead Counsel, and evaluating and approving the Settlement. [ECF No. 120-2 at ¶¶ 5, 10]. In this regard, the amount seems more akin to a salary—and thus, a prohibited incentive award—than expenses incurred in carrying on the litigation. For example, in *Johnson*, the plaintiff claimed to be entitled to an incentive payment because he "took critical steps to protect the interests of the class, and spent considerable time pursuing their claims…by frequently communicating with his counsel, keeping himself apprised of the matter, approving drafts before filing, and responding to [defendant's] discovery requests." *Johnson*, 975 F.3d at 1258 (cleaned up). "In other words, [plaintiff] wanted to be compensated for the time he spent litigating the case…." *Id*. (cleaned up). The Circuit likened plaintiff's request to a salary—an award the Supreme Court has deemed "decidedly objectionable." *Id*. (quoting *Trustees v. Greenough*, 105 U.S. 527, 537 (1882)). In so holding, the Eleventh Circuit has seemingly deemed the type of reimbursement sought by Lead Plaintiff, not as an expense of litigation, but as prohibited salary compensation.

On the other hand, the PSLRA specifically contemplates that a class representative could be awarded reasonable lost wages in pursuing litigation. *See In re ESS Tech., Inc. Sec. Litig.*, No.

7

C-02-04497 RMW, 2007 WL 3231729, at *2 (N.D. Cal. Oct. 30, 2007); 15 U.S.C. § 78u-4(a)(4). "Numerous courts reviewing lead plaintiff fee requests under the PSLRA have concluded that in order to recover under § 78u-4(a)(4), the lead plaintiff must provide meaningful evidence demonstrating that the requested amounts represent actual costs and expenses incurred directly as a result of the litigation." *In re ESS Tech.*, 2007 WL 3231729, at *2. Evidence of time spent away from work may suffice. *See, e.g.*, *In re AMF Bowling Sec. Litig.*, 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004) ("Nothing presented to me places the time devoted to this case by the two class representatives into the category of recoverable expense. Neither claims any out-of-pocket expense. There is no assertion that either lost time at work or gave up employer-granted vacation time."); *Abrams v. Van Kampen Funds, Inc.*, No. 01-C-7538, 2006 WL 163023, at *4 (N.D. Ill. Jan. 18, 2006) ("Lead plaintiffs do not contend that any portion of the requested amount represents any actual expenses that either has incurred. They do not claim that they missed any work or other earning opportunity in order to participate in the litigation. Under the PSLRA, lead plaintiffs cannot be awarded additional compensation."); *In re KeySpan Corp. Sec. Litig.*, No. 01-CV-5852, 2005 WL 3093399, at *21 (E.D.N.Y. Sept. 30, 2005) ("Counsel have not shown how the time expended by the Class Representative and Lead Plaintiffs resulted in actual losses, whether in the form of diminishment in wages, lost sales commissions, missed business opportunities, use of leave or vacation time or actual expenses incurred."); *see also* S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 689 ("Recognizing that service as the lead plaintiff may require court appearances or other duties involving time away from work, the Committee grants courts discretion to award the lead plaintiff reimbursement for 'reasonable costs and expenses' (including lost wages) directly relating to representation of the class.").

This case is a close call. Lead Plaintiff has provided support for its $17,500.00 reimbursement request in the form of Mr. Hirsch's Declaration, [ECF No. 120-2]. Mr. Hirsch specified that the time Lead Plaintiff's employees "devoted to the representation of the Settlement Class in this Action was time that [it] would otherwise have spent on other work for the Amitim Funds and, thus, represented a cost to the Amitim Funds." [*Id*. at ¶ 10]. In this regard, Lead Plaintiff's request could reflect "lost wages" or costs sufficient under the PSLRA as interpreted by numerous courts. While somewhat conclusory,[1] the Declaration and record as a whole support a reimbursement award based on the Amitim Funds' time expended in litigating this action. The Court also finds that the Amitim Funds' request and oversight of this case falls in line with the congressional intent of the PSLRA. As such, in its discretion, the Court finds reimbursement appropriate pursuant to 15 U.S.C. § 78u-4(a)(4).

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

2. Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Incorporated Memorandum of Law, [ECF No. 119], is **GRANTED**.

3. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of **20% of the Settlement Fund, and $143,841.54 in payment of Lead Counsel's litigation expenses** (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith,

---

[1] For example, the Declaration does not indicate how oversight of this litigation would not fall within Mr. Hirsch's job description as Chief Legal Officer of the Amitim Funds.

believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4. Lead Plaintiff Amitim Funds is hereby awarded **$17,500.00** from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

5. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

6. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

7. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this award shall be rendered null and void to the extent provided by the Stipulation.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of April 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes